# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TRI-CITY HEALTHCARE DISTRICT; TRI-CITY MEDICAL CENTER; VISTA COMMUNITY CLINIC, MELISSA HAWKINS, M.D.; ROMANA BAILEY, M.D.; and DOES 1 through 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FERNANDO RAUDA VALENZUELA, a Minor, By and Through His Guardian Ad Litem, CRISTAL CAZARES VALENZUELA; and SONIA VALENZUELA PEREZ, Individually

| |
|---|
| FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED** Superior Court of California, County of San Diego |
| **01/21/2020** at 12:13:00 PM Clerk of the Superior Court By Gregory Hornick,Deputy Clerk |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: 37-2020-00002536-CU-MM-NC |
|---|---|

Superior Court of California, County of San Diego
325 South Melrose Drive
Vista, CA 92081
North County Regional Center

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kenneth M. Sigelman, Esq. State Bar No. 100238 Tel: (619) 238-3813 Fax: (619) 238-1866
Kenneth M. Sigelman & Associates
1901 First Avenue, 2nd Floor; San Diego, CA 92101

| DATE: *(Fecha)* 01/21/2020 | Clerk, by *(Secretario)* G. Hornick | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* VISTA COMMUNITY CLINIC
   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CIV-010

**ATTORNEY** *(Name, State Bar number, and address):*
Kenneth M. Sigelman, Esq, State Bar No. 100238
Kenneth M. Sigelman & Associates
1901 First Avenue, 2nd Floor
San Diego, CA 92101
TELEPHONE NO.: (619) 238-3813    FAX NO. *(Optional):* (619) 238-1866
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiffs Fernando Rauda Valenzuela, etc., et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 South Melrose Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Regional Center

PLAINTIFF/PETITIONER: Fernando Rauda Valenzuela, a Minor, etc., et al.

DEFENDANT/RESPONDENT: Tri-City Healthcare District, et al.

| |
|---|
| **APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL** ☐ **EX PARTE** |

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/21/2020** at 12:13:00 PM

Clerk of the Superior Court
By Gregory Hornick, Deputy Clerk

CASE NUMBER:
37-2020-00002538-CU-MM-NC

*NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant *(name):* Sonia Valenzuela Perez is
   a. ☒ the parent of *(name):* Fernando Rauda Valenzuela
   b. ☐ the guardian of *(name):*
   c. ☐ the conservator of *(name):*
   d. ☐ a party to the suit.
   e. ☐ the minor to be represented *(if the minor is 14 years of age or older).*
   f. ☐ another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
   Cristal Cazares Valenzuela    (760) 442-1176
   340 Marcos Street, #316
   San Marcos, CA 92069

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
   Fernando Rauda Valenzuela    (760) 481-2925
   340 Marcos Street, #316
   San Marcos, CA 92069

4. The person to be represented is:
   a. ☒ a minor *(date of birth):* October 21, 2018
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☒ the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
      Medical Malpractice

☐ Continued on Attachment 5a.

Form Adopted for Mandatory Use
Judicial Council of California
CIV-010 [Rev. January 1, 2008]    APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL    Page 1 of 2    Code of Civil Procedure, § 372 et seq.
American LegalNet, Inc.
www.FormsWorkflow.com

CIV-010

| PLAINTIFF/PETITIONER:  Fernando Rauda Valenzuela, a Minor, etc., et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Tri-City Healthcare District, et al. | 37-2020-00002536-CU-MM-NC |

5.  b. ☐   more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in Item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in Item 3 or any other person.

   c. ☐   the person named in Item 3 has no guardian or conservator of his or her estate.

   d. ☐   the appointment of a guardian ad litem is necessary for the following reasons (specify):

   ☐   Continued on Attachment 5d.

6.  The proposed guardian ad litem's relationship to the person he or she will be representing is:
   a. ☒   related (state relationship): Sister
   b. ☐   not related (specify capacity):

7.  The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

   ☐   Continued on Attachment 7.

Kenneth M. Sigelman, Esq.
(TYPE OR PRINT NAME)                                      (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: January 15, 2020

Sonia Valenzuela Perez                                     Sonia Valenzuela (Jan 15, 2020)
(TYPE OR PRINT NAME)                                       (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date: January 15, 2020

Cristal Cazares Valenzuela                                 Cristal Cazares Valenzuela (Jan 15, 2020)
(TYPE OR PRINT NAME)                                       (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER ☐ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in Item 3 of the application, as requested.

THE COURT ORDERS that (name):
is hereby appointed as the guardian ad litem for (name):
for the reasons set forth in Item 5 of the application.
Date:

_____
JUDICIAL OFFICER

☐  SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]          APPLICATION AND ORDER FOR APPOINTMENT          Page 2 of 2
                                            OF GUARDIAN AD LITEM—CIVIL

American LegalNet, Inc.
www.FormsWorkflow.com

| CASE TITLE | CASE NUMBER |
|---|---|
| Fernando Rauda Valenzuela, a Minor, etc., et al. v. Tri-City Healthcare District, et al. | 37-2020-00002536-CU-MM-NC |

### ATTACHMENT TO JC FORM #CIV-010 (APPLICATION FOR GUARDIAN AD LITEM – CIVIL)

8. I, (name):  Cristal Cazares Valenzela  , declare that I am the ☐ parent ☐ guardian ☐ conservator
   of (name): Fernando Rauda Valenzuela and:           ☒ Proposed Guardian ad Litem and Sister

   a. I ☐ am ☒ am not asserting individual claims or defenses in these proceedings.

   b. The minor ☐ is ☒ is not the subject of a juvenile dependency proceeding.

   c. The minor ☐ is ☒ is not the subject of a probate guardianship.

   d. The minor ☐ is ☒ is not the subject of a custody order. (If a custody order is in effect, the most recent order
   must be attached.)

9. Notice of these proceedings has:

   a. ☒ been provided to all of the minor's parents,

   b. ☐ not been provided to all of the minor's parents because:

        i. ☐ I have sole legal custody of the minor identified in this application and have attached a copy of the
   current custody order.

        ii. ☐ the other parent is deceased.

        iii. ☐ other: _____

   _____

   _____


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 15, 2020

Cristal Cazares Valenzuela
_____           _____
Type or print name                                         Cristal Cazares Valenzuela (Jan 15, 2020)
                                                                         Signature

---

### ORDER ☐ EX PARTE

The court finds that it is reasonable and necessary to appoint a guardian ad litem for the person named in Item 3 of
the Application and Order for Appointment of Guardian ad Litem – Civil (JC Form #CIV-010), as requested.

The court orders that (name): Cristal Valenzuela  is hereby appointed as the guardian ad litem for
(name): Fernando Valenzueli  for the reasons set forth in item 5 of the Application and Order for
Appointment of Guardian ad Litem – Civil (JC Form #CIV-010).

Date: 1-21-20
                                                                         _____
                                                                         Judge of the Superior Court

SDSC CIV-333 (New 1/17)
Mandatory Form

ATTACHMENT TO JC FORM #CIV-010
(APPLICATION FOR GUARDIAN AD LITEM – CIVIL)

American LegalNet, Inc.
www.FormsWorkFlow.com

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 325 S Melrose DRIVE |
| MAILING ADDRESS: | 325 S Melrose DRIVE |
| CITY AND ZIP CODE: | Vista, CA 92081-6695 |
| BRANCH NAME: | North County |
| TELEPHONE NUMBER: | (760) 201-8028 |

**PLAINTIFF(S) / PETITIONER(S):**   Fernando Rauda Valenzuela et.al.

**DEFENDANT(S) / RESPONDENT(S):**   Melissa Hawkins, M.D. et.al.

RAUDA VALENZUELA VS TRI-CITY HEALTHCARE DISTRICT [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2020-00002536-CU-MM-NC |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Earl H. Maas, III                                    Department: N-28

**COMPLAINT/PETITION FILED:** 01/15/2020

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/21/2020 | 10:00 am | N-28 | Earl H. Maas, III |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

 Superior Court of California
County of San Diego

## NOTICE OF ELIGIBILITY TO eFILE
## AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

 **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2020-00002536-CU-MM-NC     CASE TITLE: Rauda Valenzuela vs Tri-City Healthcare District [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
   (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
   (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
   (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

**On-line mediator search and selection:**  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 325 S. Melrose | |
| MAILING ADDRESS: 325 S. Melrose | |
| CITY, STATE, & ZIP CODE: Vista, CA 92081-8685 | |
| BRANCH NAME: North County | |

| PLAINTIFF(S): Fernando Rauda Valenzuela et.al. |
|---|
| DEFENDANT(S): Melissa Hawkins, M.D. et.al. |
| SHORT TITLE: RAUDA VALENZUELA VS TRI-CITY HEALTHCARE DISTRICT [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2020-00002536-CU-MM-NC |
|---|---|

Judge: Earl H. Maas, III                                    Department: N-28

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____           Date: _____

_____           _____
Name of Plaintiff                                Name of Defendant

_____           _____
Signature                                        Signature

_____           _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____           _____
Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 01/16/2020                                _____
                                                 JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION          Page: 1

1    KENNETH M. SIGELMAN & ASSOCIATES
     KENNETH M. SIGELMAN (State Bar No. 100238)
2    ANDREW R. CHIVINSKI (State Bar No. 236861)
     MARK A. BIRMINGHAM (State Bar No. 132008)
3    1901 First Avenue, 2nd Flr.
     San Diego, California 92101-2382
4    Telephone: (619) 238-3813
     Facsimile: (619) 238-1866
5

6    HAMILTON ARENDSEN (State Bar No. 212844)
     ARENDSEN CANE MOLNAR LLP
     550 West C Street, Suite 1150
7    San Diego, CA 92101
     Telephone: (619) 535-3910
8    Facsimile: (619) 535-3920

9    Attorneys for Plaintiffs

10

11             SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

12                      NORTH COUNTY DIVISION

13    FERNANDO RAUDA VALENZUELA, a        CASE NO.:
     Minor, By and Through His Guardian Ad      General Civil
14    Litem, CRISTAL CAZARES
     VALENZUELA; and SONIA             COMPLAINT FOR DAMAGES FOR
15    VALENZUELA PEREZ, Individually,       MEDICAL NEGLIGENCE

16             Plaintiff,

17    v.

18    TRI-CITY HEALTHCARE DISTRICT; TRI-
     CITY MEDICAL CENTER; VISTA
19    COMMUNITY CLINIC, MELISSA
     HAWKINS, M.D.; ROMANA BAILEY,
20    M.D.; and DOES 1 through 100, Inclusive,

21             Defendants.

22

23

24        FERNANDO RAUDA VALENZUELA, a Minor, By and Through His

25      Guardian Ad Litem, CRISTAL CAZARES VALENZUELA, and

26         SONIA VALENZUELA PEREZ, Individually,

27          ALLEGE A FIRST CAUSE OF ACTION

28    FOR MEDICAL NEGLIGENCE AS AGAINST ALL DEFENDANTS

1

COMPLAINT

1.     The true names or capacities, whether individual, corporate, associate or otherwise, of Defendant DOES 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe, and upon such information and belief allege, that each of said DOE Defendants is negligently responsible in some manner for the occurrence herein alleged, and that Plaintiffs' injuries as herein alleged were proximately caused by said negligence.  Plaintiffs therefore sue said DOE Defendants by such fictitious names and will amend this Complaint to show their true names and capacities when the same have been ascertained.

2.     The injuries upon which this action is based occurred in the County of San Diego, State of California.

3.     At all times herein mentioned MELISSA HAWKINS, M.D., ROMANA BAILEY, M.D., DOE Defendants 1 through 20, inclusive, and other DOE Defendants fictitiously named herein were and now are physicians, surgeons, or other medical professionals licensed by the State of California to practice medicine and surgery in the State of California.

4.     At all times herein mentioned DOE Defendants 21 through 30, inclusive, and other DOE Defendants fictitiously named herein were and now are certified nurse midwives licensed by the State of California.

5.     At all times herein mentioned DOE Defendants 31 through 40, inclusive, herein were and are now professional medical corporations organized and doing business under the laws of the State of California.

6.     At all times herein mentioned Defendants TRI-CITY HEALTHCARE DISTRICT, TRI-CITY MEDICAL CENTER, and DOE Defendants 41 through 45, inclusive, were at all times herein mentioned, duly organized California corporations and partnerships existing under and by virtue of the laws of the State of California.  That said Defendants, and each of them, owned, operated, managed, and controlled a general hospital facility within said County, State of California, held out to the public at large and Plaintiffs herein as properly equipped, fully accredited, competently staffed by qualified, able, competent and licensed personnel, and operating in compliance with the standard of care maintained in other properly equipped and efficiently operated and administered accredited hospitals in said community, offering fully competent and efficient

2

COMPLAINT

1  hospital medical, surgical, x-ray, laboratory, anesthesia and paramedical services to the general
2  public and to Plaintiffs herein; that said Defendants, and each of them, administered, governed,
3  controlled, managed and directed all the necessary functions, activities and operations of said
4  hospital facility, including its nursing care, interns, residents and house staff, physicians and
5  surgeons, medical staff, radiology, intensive care, recovery room and emergency room departments,
6  including but not limited to personnel and staff or specialized departments, clinical laboratories,
7  physical therapy facilities, and the technicians necessary to the operation of said hospital, hospital
8  facility, or specialized hospital departments.

9       7.      Plaintiffs are informed and believe, and upon such information and belief allege, that
10  Defendants TRI-CITY HEALTHCARE DISTRICT, TRI-CITY MEDICAL CENTER and DOE
11  Defendants 46 through 50, inclusive, were authorized to and licensed to conduct, and did conduct,
12  a hospital business or businesses in the State of California to which hospital or hospitals' members
13  of the public were invited including Plaintiffs; that the exact form of the business organization under
14  which DOE Defendants 46 through 50 are organized and doing business is unknown to Plaintiffs
15  at the time of filing of this Complaint and Plaintiffs will ask leave of Court to amend such Complaint
16  when the same have been ascertained.

17      8.      Plaintiffs are informed and believe, and upon such information and belief allege, that
18  Defendants VISTA COMMUNITY CLINIC, and DOE Defendants 51 through 60, inclusive, and
19  other Defendants were authorized to and licensed to conduct a medical clinic business or businesses
20  in the State of California, to which clinic or clinic members of the public were invited including
21  Plaintiffs; that the exact form of the business organization under which DOE Defendants 51 through
22  60, inclusive, are organized and doing business is unknown to Plaintiffs at the time of filing of this
23  Complaint and Plaintiffs will ask leave of Court to amend such Complaint when same shall have
24  been ascertained.

25      9.      At all times herein mentioned, MELISSA HAWKINS, M.D., ROMANA BAILEY,
26  M.D., and DOE Defendants 1 through 20 and 61 through 100, inclusive, were doctors, nurses,
27  certified nurse midwives and/or other medical attendants employed by Defendants TRI-CARE
28

3

COMPLAINT

1    HEALTHCARE DISTRICT, TRI-CITY MEDICAL CENTER and/or VISTA COMMUNITY
2    CLINIC.
3           10.    Plaintiffs are informed and believe, and upon such information and belief allege, that
4    at all times herein mentioned, Defendants, and each of them, herein were the agents, ostensible
5    agents, joint venturers, servants, employees and co-partners of their said co-defendants and, as such,
6    were acting within the course and scope of such agency, ostensible agency, and/or employment
7    and/or joint venture  at all times herein mentioned; that each and every Defendant, as aforesaid,
8    when acting as a principal, was negligent in the selection and hiring of each and every other
9    Defendant, as its agent, ostensible agent, servant, employee, and/or joint venturer.
10          11.    Plaintiff FERNANDO RAUDA VALENZUELA, a minor, was born on October 21,
11   2018.  For the purpose of this action, CRISTAL CAZARES VALENZUELA, the sister of
12   FERNANDO RAUDA VALENZUELA, was duly appointed as the Guardian ad Litem of
13   FERNANDO RAUDA VALENZUELA, a minor, at or about the time of the filing of this Complaint
14   by the above-entitled Court.
15          12.    That on or about October 21, 2018, and prior and subsequent thereto, Defendants, and
16   each of them, examined, diagnosed, treated, cared for, performed surgery upon, prescribed and
17   administered medicines or drugs, and supervised the care and treatment of Plaintiffs FERNANDO
18   RAUDA VALENZUELA and SONIA VALENZUELA PEREZ. In so doing, the Defendants, and
19   each of them, negligently failed to possess or to exercise that degree of knowledge or skill ordinarily
20   possessed or exercised by other physicians, nurses, attendants and the like who engage in like
21   professions in the same area as said Defendants, and each of them, inclusive, negligently failed to
22   warn Plaintiffs of the dangers and untoward consequences and hazards involved in the examination,
23   diagnosis, care, treatment, prescription and administration of medicines and drugs and the surgical
24   operations, which they intended to and did, use and perform upon the persons of Plaintiffs; that said
25   defendants, and each of them, induced Plaintiffs to undergo said examination, diagnosis, care and
26   treatment, surgical operations and receive said medicine or drugs as aforesaid.
27          13.    That as a direct and proximate result of the negligence of said Defendants, and each
28   of them, as aforesaid, and of the inducement by said Defendants, and each of them, of Plaintiffs to

                                           4
COMPLAINT

1  undergo the examination, diagnosis, care and treatment, surgical operations and receive said

2  medicines or drugs, as aforesaid, Plaintiffs were unable to, could not, and did not give a free or

3  informed consent to Defendants, and each of them, to permit said examination, diagnosis, care and

4  treatment, surgical operations, and receive said medicines or drugs as aforesaid.

5        14.    That Defendants, and each of them, thereafter concealed from Plaintiffs the true

6  nature of Plaintiffs' condition and the fact of Defendants' negligence and carelessness, and induced

7  Plaintiffs to forego other medical care in an effort to conceal the true nature of Plaintiffs' condition

8  and Defendants' carelessness and that Plaintiffs were induced and did thereafter submit to their

9  treatment and failed to seek other medical care.

10       15.    As a proximate result of the conduct of Defendants, and each of them, Plaintiffs were

11  injured in their health, strength, and activity sustaining injury to their bodies and shock and injury

12  to their nervous systems, all of which have been caused and will continue to cause mental, physical,

13  and nervous pain and suffering. Plaintiffs are informed and believe, and upon such information and

14  belief allege, that some of said injuries will be of a permanent nature, and will result in some

15  permanent disability to Plaintiffs, all to their general damage in a sum within the jurisdiction of

16  Court.

17       16.    As a further proximate result of the conduct of Defendants, and each of them,

18  Plaintiffs were required to and did employ physicians, surgeons, therapists, and hospitals to examine,

19  treat and care for them, and did incur, and will in the future incur, medical and other related

20  expenses in connection therewith. The exact amount of such present and future expense is unknown

21  to Plaintiffs at this time, and Plaintiffs therefore ask leave to prove and, if required by Court, to

22  amend this Complaint to show the reasonable value of such medical services at time of trial.

23       17.    As a further proximate result of the conduct of Defendants, and each of them,

24  Plaintiff SONIA VALENZUELA PEREZ was prevented from attending her usual occupation and

25  has thereby suffered a loss of income. Plaintiffs are informed and believe, and upon such

26  information and belief allege, that by reason of said injuries herein alleged, both Plaintiffs have

27  suffered, and will continue in the future to suffer, a loss of earning capacity. The exact amount of

28  such loss is unknown to Plaintiffs at this time and Plaintiffs therefore ask leave to prove and, if

COMPLAINT

1  required by Court, to amend this Complaint to show the reasonable value of such loss of earnings

2  and loss of earning capacity at time of trial.

3        18.    That prior to the filing of the within Complaint, a period of less than eight years has

4  elapsed from Plaintiff FERNANDO RAUDA VALENZUELA's date of birth.

5        19.    That prior to the filing of the within Complaint, a period of less than three years has

6  elapsed from the date of the injury and a period of less than one year has elapsed after Plaintiffs first

7  learned, or had reasonable opportunity to learn, of the fact that the injuries and damages suffered and

8  complained of herein were a proximate result of the negligent acts or omissions to act on the part

9  of the Defendants, and each of them. That further, prior to the filing of the within Complaint, the

10  Defendants, and each of them, knew, or should have known, of their own negligence and the

11  relationship between the negligence and the Plaintiffs' injuries and failed negligently or intentionally

12  to disclose the facts and circumstances to the Plaintiffs prior to the Plaintiffs having reasonable

13  opportunity to learn of said negligent conduct and acts.

14        20.    On or about April 18, 2019, Plaintiffs served on Defendant TRI-CITY

15  HEALTHCARE DISTRICT, by certified mail, a California Tort Claim pursuant to Government

16  Code sections 810-996.6. A response was not received.

17        21.    On or about July 30, 2019, Plaintiffs served on Defendants TRI-CITY MEDICAL

18  CENTER, VISTA COMMUNITY CLINIC, MELISSA HAWKINS, M.D., ROMANA BAILEY,

19  M.D., and each of them, Notices of Intent to Commence Action pursuant to Code of Civil Procedure

20  section 364.

21      **WHEREFORE,** Plaintiff FERNANDO RAUDA VALENZUELA, a minor, by and through

22  his Guardian Ad Litem, CRISTAL CAZARES VALENZUELA, prays for judgment against

23  Defendants, and each of them, as follows:

24      <u>**AS TO THE FIRST CAUSE OF ACTION:**</u>

25      1.    General damages according to proof;

26      2.    Past and future medical, care, and incidental expenses according to proof; and

27      3.    Past and future loss of earnings and earning capacity according to proof.

28      4.    Prejudgment interest;

6

COMPLAINT

1   5.   Costs of suit incurred herein; and

2   6.   Such other and further relief as the Court may deem proper.

3   **WHEREFORE**, Plaintiff SONIA VALENZUELA PEREZ, prays for judgment against

4   Defendants, and each of them, as follows:

5   AS TO THE FIRST CAUSE OF ACTION:

6   1.   General damages according to proof;

7   2.   Past and future medical, care, and incidental expenses according to proof; and

8   3.   Past and future loss of earnings and earning capacity according to proof.

9   4.   Prejudgment interest;

10   5.   Costs of suit incurred herein; and

11   6.   Such other and further relief as the Court may deem proper

12   Dated: January 14, 2020          KENNETH M. SIGELMAN & ASSOCIATES

13

14                                    By _____

15                                    KENNETH M. SIGELMAN
16                                    ANDREW R. CHIVINSKI
                                      MARK A. BIRMINGHAM
17                                    Attorneys for Plaintiffs
                                      FERNANDO RAUDA VALENZUELA, a
18                                    Minor, By and Through His Guardian Ad
                                      Litem, CRISTAL CAZARES
19                                    VALENZUELA, and SONIA
                                      VALENZUELA PEREZ, Individually

20

21

22

23

24

25

26

27

28

7

COMPLAINT